IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. ___________________________

DAVID ALLEN,

Plaintiff,

vs.

FARAH PETION INSURANCE AGENCY LLC,
a Florida Limited Liability Company, and
FARAH PETION, an individual, jointly and severally,

Defendants.
_______________________________/

**COMPLAINT FOR DAMAGES**

Plaintiff, DAVID ALLEN, sues Defendants, FARAH PETION INSURANCE AGENCY LLC and FARAH PETION, and shows:

**Introduction**

1. This is an action by DAVID ALLEN against his former employers for unpaid minimum wages pursuant to the Fair Labor Standards Act, and breach of contract pursuant to Florida common law. Plaintiff seeks damages, court costs, and a reasonable attorney's fee.

**Jurisdiction**

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, and Florida common law. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1367(a).

3. Defendant FARAH PETION INSURANCE AGENCY LLC's principal place of business is in Orlando, Florida, making the Middle District of Florida the proper venue for this action.

**Parties**

4. Plaintiff, DAVID ALLEN (hereinafter "ALLEN"), a resident of Georgia, was at all times material, employed by FARAH PETION INSURANCE AGENCY LLC, as a Business Operations Manager, was an employee as defined by 29 U.S.C. § 203(e), and during his employment with FARAH PETION INSURANCE AGENCY LLC, was engaged in commerce or in the production of goods for commerce. Despite the position title, ALLEN did not engage in any activities that made him an exempt employee and was in fact non-exempt as defined by the FLSA.

5. Defendant, FARAH PETION INSURANCE AGENCY LLC (hereinafter, "PETION INSURANCE"), is a Florida Limited Liability Company with headquarters in Orange County, Florida and does business throughout Florida as a Farmers Insurance broker. PETION INSURANCE is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. §§ 206 and 207.

6. Defendant FARAH PETION (hereinafter, "PETION"), upon information and belief, is a resident of Orange County, Florida.

7. At all times material to this Complaint, PETION has managed and/or operated Defendant PETION INSURANCE and regularly exercised the authority to hire and fire its employees, determine the work schedules of employees, set the rate pay of employees, and

controlled its finances and daily operations. PETION did, in fact, hire Plaintiff and set Plaintiff's rate of pay, and thus dictated the terms of Plaintiff's employment. By virtue of such control and authority, PETION is an employer and/or joint employer of Plaintiff as defined by the FLSA, 29 U.S.C. §203(d).

## General Allegations

8. On May 3, 2022, ALLEN received an offer of employment from PETION and PETION INSURANCE to be employed as its Business Operations Manager at a rate of $52,000.00 annually plus commissions. See ***Exhibit A***.

9. Despite his title as Business Operations Manager, ALLEN was also expected to make sales for the Defendants and would be provided a commission for said sales.

10. ALLEN accepted the offer, thereby creating a contract between the Parties.

11. ALLEN worked for PETION INSURANCE from June 7, 2022 to July 1, 2022, which equates to 19 business days worked.

12. ALLEN averaged a workday of 8:30 AM to 5:30 PM during that time.

13. Under PETION INSURANCE's payment schedule, ALLEN's work from June 7 through June 10 should have been paid on June 17, 2022. ALLEN did not receive a paycheck on June 17, 2022.

14. Concerned, ALLEN began exchanging text messages with PETION requesting payment. PETION did not provide any payment.

15. ALLEN's work from June 13 through June 24 should have been paid on July 1, 2022. ALLEN did not receive a paycheck on July 1, 2022.

16. When ALLEN did not receive either his June 17 or July 1 paycheck, ALLEN complained to PETION verbally on July 1. During that conversation, PETION informed ALLEN that she was not going to pay him. ALLEN was contemporaneously terminated.

17. ALLEN's work from June 27 through July 1, 2022 should have been paid on July 15, 2022. ALLEN did not receive a paycheck on July 15, 2022.

18. To date, ALLEN has not been paid any amount for his work performed from June 7, 2022 to July 1, 2022.

19. All conditions precedent to this action have been performed or have been waived.

**Count I – Violation of the FLSA by FARAH PETION INSURANCE AGENCY LLC - Minimum Wage**

20. Plaintiff, ALLEN, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 19 above.

21. ALLEN worked for PETION INSURANCE from June 7, 2022 to July 1, 2022 but received no compensation whatsoever for those days and weeks and the work performed.

22. ALLEN had communications with PETION informing her that he had not been paid, to no avail.

23. PETION INSURANCE's failure to pay ALLEN for those days and weeks of his employment violates 29 U.S.C. § 206(a)(1) by not paying him at least a minimum wage.

24. ALLEN is entitled pursuant to the FLSA to recover from PETION INSURANCE:

a. The applicable minimum wage in effect at the times he worked without receiving compensation;

b. As liquidated damages, an amount equal to the unpaid minimum wage he is owed;

c. The costs of this action, and;

d. A reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

a. Enter judgment for ALLEN and against PETION INSURANCE on the basis of its willful violations of the FLSA;

b. Award ALLEN actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

c. Award ALLEN an equal amount in liquidated damages;

d. Award ALLEN reasonable attorneys' fees and costs of suit; and

e. Other such relief as this Court deems just.

**Count II – Violation of the FLSA by FARAH PETION - Minimum Wage**

25. Plaintiff, ALLEN, realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 19 above.

26. ALLEN worked for PETION from June 7, 2022 to July 1, 2022 but received no compensation whatsoever for those days and weeks and the work performed.

27. ALLEN had communications with PETION informing her that he had not been paid, to no avail.

28. PETION's failure to pay ALLEN for those weeks of his employment violates 29 U.S.C. § 206(a)(1) by not paying him at least a minimum wage.

29. ALLEN is entitled pursuant to the FLSA to recover from PETION:

a. The applicable minimum wage in effect at the times he worked without receiving compensation;

b. As liquidated damages, an amount equal to the unpaid minimum wage he is owed;

c. The costs of this action, and;

d. A reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

a. Enter judgment for ALLEN and against PETION on the basis of her willful violations of the FLSA;

b. Award ALLEN actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

c. Award ALLEN an equal amount in liquidated damages;

d. Award ALLEN reasonable attorneys' fees and costs of suit; and

e. Other such relief as this Court deems just.

**Count III – Breach of Contract by FARAH PETION INSURANCE AGENCY LLC – Unpaid Wages**

30. Plaintiff, ALLEN, realleges, as if fully set forth in Count III, the allegations of Paragraphs 1 through 19 above.

31. In May of 2022, ALLEN was offered a position with PETION INSURANCE to provide business operations services and to makes sales for the company. See ***Exhibit A***.

32. ALLEN was promised a base salary of $52,000.00 annually, plus commissions on any sales made.

33. ALLEN accepted this offer and rate of pay and began work for PETION INSURANCE, thereby forming a contract for his services.

34. ALLEN worked for PETION INSURANCE from June 7, 2022 to July 1, 2022 but received no compensation whatsoever for those days and weeks and the work performed.

35. PETION INSURANCE breached the contract by failing to pay ALLEN the agreed upon wages for his hours worked.

36. ALLEN had communications with PETION informing her that he had not been paid, to no avail.

37. PETION INSURANCE's failure to pay ALLEN his wages owed has resulted in damages to ALLEN.

38. ALLEN is entitled to recover from Defendant PETION INSURANCE his unpaid wages, the costs of this action, and a reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

a. Enter judgment for ALLEN and against PETION INSURANCE on the basis of its breach of contract;

b. Award ALLEN actual and compensatory damages;

c. Award ALLEN reasonable attorneys' fees and costs of suit; and

d. Other such relief as this Court deems just.

**Jury Demand**

Plaintiff demands trial by jury.

Dated: August 31, 2022
Plantation, Florida

Respectfully submitted,

/s/ *Robert S. Norell*

Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: Rob@floridawagelaw.com
James A. Peterson, Esq. (Fla. Bar No. 645621)
E-Mail: James@floridawagelaw.com
ROBERT S. NORELL, P.A.
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
Counsel for DAVID ALLEN